FILED

United States Court of Appeals

Tenth Circuit

May 17, 2013

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

SALVADOR PANTOJA-JUAREZ,

   Defendant-Appellant.

No. 13-3004
(D.C. No. 5:12-CR-40077-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver contained in the plea agreement executed by defendant-appellant

Salvador Pantoja-Juarez. We grant the government's motion and dismiss the appeal.

Mr. Pantoja-Juarez pled guilty pursuant to a plea agreement to one count of

possession with intent to distribute more than 500 grams of powdered cocaine. He

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to 60 months' imprisonment, which was the statutory minimum and the bottom of the sentencing guideline range.

As part of his plea agreement, Mr. Pantoja-Juarez "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, [his] conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." Mot. for Enforcement, Plea Agrmt., at 8-9. He specifically "waive[d] the right to appeal the sentence imposed in this case except to the extent, if any, the court departs or varies upwards from the applicable sentencing guideline range determined by the court." *Id.* at 9. Despite this waiver, Mr. Pantoja-Juarez filed a notice of appeal and stated in his docketing statement that he intended to appeal his sentence as procedurally and substantively unreasonable. The government seeks to enforce the appeal waiver, in accordance with *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver as long as three elements are met: (1) "the disputed appeal falls within the scope of the appellate waiver"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver will [not] result in a miscarriage of justice." *Id.* at 1325, 1327. In his response to the government's motion, Mr. Pantoja-Juarez's counsel concedes that the sentencing issue Mr. Pantoja-Juarez seeks to raise is within the scope of the waiver. He also concedes that nothing in the record suggests that Mr. Pantoja-Juarez's waiver was not

knowing and voluntary.  Our independent review of the plea agreement and of the Rule 11 colloquy demonstrates that Mr. Pantoja-Juarez's waiver of his right to appeal was knowing and voluntary.  *See United States v. Salas-Garcia*, 698 F.3d 1242, 1254 (10th Cir. 2012).

"Under the final factor of *Hahn*, the court will enforce an appellate waiver unless it finds that the enforcement of the waiver would constitute a miscarriage of justice."  *Id.* at 1255 (internal quotation marks omitted).  Enforcement of the waiver will constitute a miscarriage of justice only if one of the following circumstances is present:  (1) "the district court relied on an impermissible factor such as race"; (2) the "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory minimum"; or (4) "the waiver is otherwise unlawful."  *Id.* (internal quotation marks omitted).  None of these circumstances are present here.

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam